# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

PHH MORTGAGE CORP.,

          **Plaintiff,**

v.

DANISA DIAMOND, et al.,

          **Defendants.**

1:06-cv-0673-WSD

## ORDER

This action originally was filed in the Magistrate Court of Fulton County, Georgia. Although not entirely clear from the pleadings of record in this Court, Plaintiff PHH Mortgage Corp. ("Plaintiff") appears to allege that Defendant Danisa Diamond and other unidentified individuals are tenants at sufferance of real property located in Atlanta, Georgia, and seeks a dispossessory warrant pursuant to O.C.G.A. § 44-7-50. On January 12, 2006, the Magistrate Court entered an order compelling Defendants to pay past-due rent into the court's registry. (Order on Motion to Compel, attached to Notice of Removal, at 1.) The court directed that Defendants pay $3000 into the registry on or before January 17, 2006, and $375 on or before the 5th of each month until the proceeding was terminated. (Id.)

On January 17, 2006, Belinda Davis, one of the "unidentified individuals" residing at the property, filed a notice of appeal of the Magistrate Court's January 12, 2006 Order to the State Court of Fulton County, Georgia. (Notice of Appeal, attached to Notice of Removal, at 1.)[1] According to her handwritten notes on the copy of the January 12, 2006 Order filed with the Court, she believes the Magistrate Court judge erred in calculating the amount of rent that was past due. (January 12, 2006 Order at 1.) On March 23, 2006, apparently unsatisfied with the speed with which her appeal in the Fulton County State Court was being processed, Ms. Davis removed her appeal proceeding to this Court.[2]

---

[1] Ms. Davis also filed a motion in the Magistrate Court to vacate the January 12, 2006 Order. Her motion to vacate was denied on March 21, 2006.

[2] Because Ms. Davis is not expressly named as a defendant in the state-court action, and because she incorrectly designated herself as a "plaintiff" in her submissions filed with this Court, the Clerk of Court did not designate this action as a removal proceeding. It is clear to the Court after reviewing her submissions, however, that Ms. Davis intended for her filings to effect a removal of the state-court action to this Court. First, in the portion of the civil cover sheet which directs the filing party to indicate the origin of the action, she checked the box which reads "Removed From State Court" [1]. Second, her initial pleading filed in this Court is styled as a "Notice of Removal and Federal Stay" [1]. This pleading describes the state-court action, as well as the automatic stay imposed on the state-court action upon removal, and expressly cites 28 U.S.C. § 1446(d). (See Notice of Removal at 1-2.) Accordingly, the Court shall construe Ms. Davis's initial pleading as effecting a removal of the state-court action and shall deem this proceeding to have been removed from state court in evaluating whether jurisdiction

Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion. Id.; Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). Here, Ms. Davis's removal to this Court raises a jurisdictional issue which the Court, *sua sponte*, must address before it proceeds further. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (recognizing that a district court may *sua sponte* decide to remand the case for lack of subject matter jurisdiction).

---

is proper.

"[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Removal generally is appropriate in three circumstances:  (1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted.  Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005).  Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Ms. Davis in her Notice of Removal does not specify the basis for her removal.  Construing her pleading liberally, however, and reading it in conjunction with her Motion for Emergency Stay filed on the same day, it appears that she alleges removal is proper on the basis of federal question jurisdiction.  Specifically, she alleges that Plaintiff's dispossessory action in the Fulton County Magistrate

Court violated the United States Constitution's protection of due process.  (See Mot. for Emergency Stay [2] at 1-2) (alleging that she "was not given proper notice or due process for hearing of the case, denied the right to present evidence[] or witness[es] in the [proceeding]").  These allegations are insufficient to demonstrate that the Court has subject matter jurisdiction in this case.

"To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses:  'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.  It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'"  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1373 (N.D. Ga. 2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate.").  In this case, it is clear that Plaintiff relies exclusively on state law, and thus the well-pleaded complaint rule is not satisfied.  In addition, Ms. Davis fails to allege grounds for the application of any

exception to the well-pleaded complaint rule.  See, e.g., Alabama v. Conley, 245 F.3d 1292, 1295-99 (11th Cir. 2001).  Because Ms. Davis fails to demonstrate that the Court has subject matter jurisdiction over this case, the Court is required to remand this action pursuant to 28 U.S.C. § 1447(c).  Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is **DIRECTED** to **REMAND** this action to the State Court of Fulton County, Georgia.

**SO ORDERED**, this 29th day of March, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE